UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------x      08 CV 3574

PEARSON EDUCATION, INC.,                :
CENGAGE LEARNING INC., AND
THE MCGRAW-HILL COMPANIES, INC.,        :

                        Plaintiffs,  :

    -against-                            :

HADI ABDEL-QADER AND JAMILAH            :
MABRUK BOTH D/B/A ACCT-2004
D/B/A CPA-2005 AND JOHN DOES            :
NOS. 1-5,
                                        :

                        Defendants.
                                        :
------------x

## COMPLAINT

Plaintiffs Pearson Education, Inc. ("Pearson"), Cengage Learning Inc. ("Cengage") and The McGraw-Hill Companies, Inc. ("McGraw-Hill"), by their undersigned attorneys, for their complaint against defendants Hadi Abdel-Qader and Jamilah Mabruk both d/b/a ACCT-2004 d/b/a CPA-2005 and John Does Nos. 1-5, aver:

### Nature of the Action

1. Plaintiffs are bringing this action to obtain legal and equitable relief to remedy defendants' infringement of plaintiffs' copyrights and trademarks through their sales of electronic copies of instructors' solutions manuals.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over the first three claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because they arise under the Copyright Act, 17 U.S.C. § 101 et seq. or the Lanham Act, 15 U.S.C. § 1051 et seq. This Court has subject matter jurisdiction over the fourth claim in this action pursuant to 28 U.S.C. § 1367 because it is so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy within the meaning of Article III of the United States Constitution.

3. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1391.

## Parties

4. Pearson is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Lake Street, Upper Saddle River, New Jersey 07458.

5. Cengage is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 First Stamford Place, 4th Floor, Stamford, Connecticut 06902.

6. McGraw-Hill is a corporation organized and existing under the laws of the State of New York with its

principal place of business at 1221 Avenue of the Americas, New York, New York 10020.

7. Upon information and belief, defendant Hadi Abdel-Qader is a natural person whose address is 1113 Abrams Road, Apartment 239, Richardson, Texas 75081-5591.

8. Upon information and belief, defendant Jamilah Mabruk is a natural person whose address is 1113 Abrams Road, Apartment 239, Richardson, Texas 75081-5591.

9. Upon information and belief, defendants John Does Nos. 1-5 are natural persons whose identities are presently unknown to plaintiffs.

### The Business of Plaintiffs

10. Each plaintiff publishes a variety of works, including educational books.

11. As a standard practice, each plaintiff requires its authors to assign the copyrights to them or grant them the exclusive rights of reproduction and distribution in the United States. This practice enables each plaintiff to maximize the dissemination of each work.

12. Plaintiffs invest significant monies to publish their copyrighted works. Plaintiffs, for example, make substantial investments in royalties, content creation, licensing, copyediting, proofreading, typesetting, layout, printing, binding, distribution, and promotion.

13. Plaintiffs earn a substantial portion of their revenue from the publication of their copyrighted works and would suffer serious financial injury if their copyrights were not enforced. A substantial decline in their income could cause plaintiffs to cease publishing one or more deserving books or journals. This would adversely impact the creation of new works, scholarly endeavor, and scientific progress.

14. An important part of plaintiffs' business is derived from publishing college textbooks. College professors select textbooks from competing publishers based on the pedagogical value and the quality of supplementary materials.

15. Instructors' solutions manuals are important supplementary materials. Professors use instructors' solutions manuals to aid in grading homework. Students, however, use instructors' solutions manuals to cheat. Professors are less likely to select a textbook if the instructors' solutions manuals are freely and/or widely available. Accordingly, plaintiffs do not sell their instructors' solutions manuals, and tightly control their distribution to known faculty.

16. Plaintiffs routinely register their copyrights. Pearson has generally registered its copyrights in its works (the "Pearson Copyrights") including those identified on Schedule A. Cengage has generally registered its copyrights in its works (the "Cengage Copyrights") including those identified on Schedule B.

4

McGraw-Hill has generally registered its copyrights in its works (the "McGraw-Hill Copyrights") including those identified on Schedule C.

17. Plaintiffs also own, themselves or through their parent or affiliate companies, trademarks that they use to differentiate their products from those of their competitors.

18. Pearson PLC, Pearson's ultimate parent company, is the owner of and Pearson is an exclusive licensee of, with the accompanying right and duty to protect and enforce Pearson's rights therein, the well-known trademarks "Pearson," "Pearson Education" and "Prentice Hall." Pearson is the direct holder of the well-known trademark "Benjamin Cummings." Pearson's affiliate corporation Addison Wesley Longman, Inc., is the owner of, and Pearson is the exclusive licensee of, with the accompanying right and duty to protect and enforce its and its affiliate company's rights therein, the well known trademarks "Addison Wesley" or "Addison-Wesley" (the "Pearson Trademarks"). The United States Registrations for the Pearson Trademarks are identified on Schedule D.

19. Among McGraw-Hill's well-known trademarks are "McGraw Hill," "The McGraw-Hill Companies" and "Irwin" (the "McGraw-Hill Trademarks"). The United States Registrations for the McGraw-Hill Trademarks are identified on Schedule E.

## The Infringing Acts of Defendants

20. Defendants have without permission reproduced and sold copies of plaintiffs' works. For example, defendants have reproduced and sold electronic copies of plaintiffs' instructors' solutions manuals through online sales at www.ebay.com and www.craigslist.com using the usernames cpa-2005, acct-2004, and the e-mail addresses studyaids07@gmail.com, hadi1981@gmail.com, longhorncity@gmail.com, acctt2005@gmail.com, and acctt2004@yahoo.com.

## FIRST CLAIM FOR RELIEF
(Copyright Infringement - 17 U.S.C. § 501)

21. Plaintiffs repeat the averments contained in paragraphs 1 through 20 as if set forth in full.

22. Pearson has received United States Certificates of Copyright Registration for the Pearson Copyrights.

23. Cengage has received United States Certificates of Copyright Registration for the Cengage Copyrights.

24. McGraw-Hill has received United States Certificates of Copyright Registration for the McGraw-Hill Copyrights.

25. The Pearson, Cengage and McGraw-Hill Copyrights are valid and enforceable.

26. Defendants have infringed the Pearson, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501.

27. Defendants' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage plaintiffs. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, employees, and attorneys and all persons acting in concert with them, from infringing the Pearson, Cengage and McGraw-Hill Copyrights.

28. Defendants have willfully infringed the Pearson, Cengage and McGraw-Hill Copyrights.

29. Plaintiffs are entitled to recover all damages sustained as a result of defendants' unlawful conduct including (1) defendants' profits, or (2) plaintiffs' damages, or alternatively (3) statutory damages.

SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 U.S.C. § 1114(a))

30. Plaintiffs repeat the averments contained in paragraphs 1 through 29 above as if set forth in full.

31. Pearson is the exclusive licensee of the Pearson Trademarks, with the accompanying right and duty to protect and enforce Pearson's rights therein. Pearson's licensor parent and affiliate companies have obtained numerous United States Trademark Registrations for the Pearson Trademarks.

32. McGraw-Hill owns the McGraw-Hill Trademarks, for which it has obtained United States Trademark Registrations.

33. The Pearson and McGraw-Hill Trademarks are valid and enforceable.

34. Defendants have infringed the Pearson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a) by using them, upon information and belief, on and/or in connection with the works that they have sold.

35. Defendants' acts complained of herein have irreparably damaged plaintiffs and may continue to do so. The damage to plaintiffs includes harm to their good-will and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson and McGraw-Hill Trademarks or any colorable imitation of them.

36. Defendants have willfully infringed the Pearson and McGraw-Hill Trademarks.

37. Plaintiffs are entitled to recover (1) defendants' profits from the infringing works, (2) plaintiffs' damages, (3) the costs of the suit, and (4) reasonable attorneys' fees.

## THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting - 15 U.S.C. § 1117)

38. Plaintiffs repeat the averments contained in paragraphs 1 through 37 above as if set forth in full.

39. In connection with the sale of their unlawfully reproduced instructors' solutions manuals, defendants have used, upon information and belief, counterfeits of the Pearson and McGraw-Hill Trademarks.

40. Based upon defendants' use of the counterfeit marks in connection with the sale of the unlawfully reproduced works, plaintiffs are entitled to treble damages, and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c).

## FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)

41. Plaintiffs repeat the averments contained in paragraphs 1 through 40 above as if set forth in full.

42. Defendants' acts complained of herein have damaged and may continue to damage plaintiffs irreparably. The damage to plaintiffs includes harm to their goodwill and reputation in the marketplace for which money cannot compensate. Plaintiffs have no adequate remedy at law for these wrongs and injuries. Plaintiffs are, therefore, entitled to a preliminary and permanent injunction restraining and enjoining defendants, their agents, servants, employees, and attorneys and all persons acting in concert with them from using the Pearson and McGraw-Hill

Trademarks or any colorable imitation of them, to restitution of defendants' ill-gotten gains, and to punitive damages in an amount to be determined by the trier of fact in this action.

WHEREFORE, plaintiffs demand judgment:

A.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson, Cengage and McGraw-Hill Copyrights in violation of 17 U.S.C. § 501;

B.   Awarding plaintiffs their damages or defendants' profits, or alternatively, at plaintiffs' election, statutory damages, as a result of defendants' willfull infringement of the Pearson, Cengage and McGraw-Hill Copyrights;

C.   Preliminarily and permanently enjoining defendants, their agents, servants, employees, and attorneys and all those acting in concert with them from infringing the Pearson and McGraw-Hill Trademarks in violation of 15 U.S.C. § 1114(a);

D.   Awarding plaintiffs their damages and/or defendants' profits from their willful infringement and/or counterfeiting of the Pearson and McGraw-Hill Trademarks pursuant to 15 U.S.C. § 1117(a);

E.   Awarding plaintiffs treble damages, treble profits and/or statutory damages pursuant to 15 U.S.C. § 1117(b) and (c);

F.  Directing that defendants engage in such additional activities, including, but not limited to, recalls of products and corrective advertising, as may be necessary and appropriate to mitigate the damage defendants have caused;

G.  Awarding plaintiffs their costs in this action, including their reasonable attorneys' fees pursuant 17 U.S.C. § 505 and 15 U.S.C. § 1117;

H.  Awarding plaintiffs punitive damages in an amount to be determined by the trier of fact in this action; and

I.  Granting such other and further relief as to this Court seems just and proper.

Dated:  New York, New York
        April 14, 2008

DUNNEGAN LLC

By /s/ William Dunnegan
William Dunnegan (WD9316)
Megan L. Martin (MM4396)
Attorneys for Plaintiffs
  Pearson Education, Inc.,
  Cengage Learning Inc. and
  The McGraw-Hill Companies, Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Schedule A
"Pearson Copyrights"

<u>Title</u>    (<u>Date of Registration</u>)    (<u>Registration #</u>)

1. 1. Accounting Information Systems, TX-0005887164, January 9, 2004.

2. Accounting Information Systems, TX-0006201168, July 12, 2005.

3. Advanced Accounting, TX-0006346581, April 10, 2006.

4. American Government, TX-0006404031, August 27, 2006.

5. Auditing and Assurance Services: An Integrated Approach, TX-0006193974, July 12, 2005.

6. Auditing and Assurance Services: An Integrated Approach, TX-0006548957, April 13, 2007.

7. Auditing Cases, TX-0006339732, April 10, 2006.

8. Cases in Financial Reporting, TX-0006228028, September 2, 2005.

9. Cases in Management Accounting and Control Systems, TX-0006038440, October 1, 2004

10. Cost Accounting, TX-0006311827, January 13, 2006.

11. Financial Reporting and Analysis, TX-0006004370, July 22, 2004.

12. Governmental and Nonprofit Accounting: Theory and Practice, TX-0005539709, June 3, 2002.

13. Industrial Safety and Health Management, TX-0005824450, October 15, 2003.

14. International Economics, TX-0005958374, June 7, 2004.

15. Introduction to Management Science, TX-0005922035, February 27, 2004.

16. Management Information Systems: Managing the Digital Firm, TX-0006522788, February 2, 2007.

17. Operations Management, TX-0006229082, September 1, 2005.

18. Operations Management: Process and Value Chains, TX-0006355040, May 8, 2006.

19. Organizational Behavior, TX-0006597569, June 7, 2007.

20. Principles of Managerial Finance, TX-0005607060, August 29, 2002.

21. Principles of Operations Management, TX-0006357719, May 25, 2006.

22. Strategic Management and Business Policy, TX-0006349367, April 10, 2006.

23. Strategic Management: Concepts and Cases, TX-0006017663, August 27, 2004.

24. Tax Research, TX-0006344310, April 10, 2006.

Schedule B
"Cengage Copyrights"

<u>Title</u>    (<u>Date of Registration</u>)    (<u>Registration #</u>)

1. Accounting Information Systems: A Business Process Approach, TX-0006310112, January 3, 2006.

2. Advanced Accounting: Concepts and Practice, TX-0006340628, May 14, 2006.

3. Auditing: Assurance and Risks, TX-0006485237, December 8, 2006.

4. Concepts in Federal Taxation, TX-0006459281, November 17, 2006.

5. Contemporary Auditing: Real Issues and Cases, TX-0006434547, September 29, 2006.

6. Financial Management: Theory and Practice, TX-0005388574, July 31, 2001.

7. Financial Reporting, Financial Statement Analysis, and Valuation, TX-0006493714, November 3, 2006.

8. Fraud Examination, TX-0006358871, January 3, 2006.

9. Fundamentals of Advanced Accounting, TX-0006567556, April 20, 2007.

10. Intermediate Accounting, TX-0003128717, July 18, 1991.

11. Marketing, TX-0006577246, May 9, 2007.

12. West Federal Taxation 2007: Corporations, Partnerships, Estates and Trusts, TX-0006466907, November 17, 2006.

13. West Federal Taxation: Individual Income Tax, TX-0006595832, June 11, 2007.

14. West Federal Taxation: Taxation of Business Entities, TX 0006595828, June 11, 2007.

Schedule C
"McGraw-Hill Copyrights"

<u>Title</u>     (<u>Date of Registration</u>)     (<u>Registration #</u>)

1. Accounting for Governmental and Nonprofit Entities, TX-0005728820, May 7, 2003.

2. Advanced Accounting, TX-0006008187, August 6, 2004.

3. Advanced Financial Accounting, TX-0005490591, December 27, 2001.

4. Corporate Finance, TX-0005653746, December 20, 2002.

5. Cost Management: A Strategic Emphasis, TX-0005466754, October 17, 2001.

6. Cost management: Strategies For Business Decisions, TX-0005619210, October 9, 2002.

7. Essentials of Accounting for Governmental and Non-for-Profit Organizations, TX-0005715935, May 7, 2003.

8. Essentials of Investments, TX-0005668741, January 16, 2003.

9. Fundamentals of Advanced Accounting, TX-0006346584, April 14, 2006.

10. Intermediate Accounting, TX-0005329300, July 2, 2001.

11. Managerial Accounting, TX-0005001610, August 3, 1999.

12. Modern Advanced Accounting, TX-0005617712, September 24, 2002.

13. Operations Management for Competitive Advantage, TX-0005203757, November 22, 2000.

14. Principles of Auditing and Other Assurance Services, TX-0005816375, October 14, 2003.

15. Principles of Corporate Finance, TX-0005597896, September 10, 2002.

16. Principles of Taxation for Business and Investment Planning, TX-0005986568.

Schedule D
"Pearson Trademarks"

| | U.S. Trademark | Registration Number | Class |
|---|---|---|---|
| 1. | "Pearson" | 2,599,724 | 009, 016, 035, 042 |
| 2. | "Pearson" | 2,600,081 | 041 |
| 3. | "Pearson" | 2,652,792 | 009, 016 |
| 4. | "Pearson" | 2,679,355 | 016 |
| 5. | "Pearson" | 2,691,830 | 041 |
| 6. | "Pearson" | 2,694,359 | 009 |
| 7. | "Prentice-Hall" | 1,332,044 | 016 |
| 8. | "Prentice-Hall" | 1,332,639 | 042 |
| 9. | "Prentice-Hall" | 1,375,654 | 009 |
| 10. | "Addison Wesley" | 2,188,798 | 016 |
| 11. | "Addison-Wesley" | 2,400,130 | 016 |
| 12. | "Benjamin Cummings" | 2,674,589 | 016 |
| 13. | "Benjamin Cummings" | 2,671,773 | 041 |
| 14. | "Benjamin Cummings" | 2,671,772 | 041 |
| 15. | "Benjamin Cummings" | 2,621,299 | 016 |
| 16. | "Benjamin Cummings" | 1,189,279 | 016 |

Schedule E
"McGraw-Hill Trademarks"

| U.S. Trademark | Registration Number | Class |
| --- | --- | --- |
| 1. "McGraw-Hill" | 1,350,345 | 16 |
| 2. "McGraw-Hill" | 2,899,528 | 16, 41 |
| 3. "The McGraw-Hill Companies" | 3,103,212 | 9,16,35,36,37, 38,39,40,41,42 |
| 4. "Irwin" | 1,718,118 | 16 |