UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                                    :

PEARSON EDUCATION, INC.,
CENGAGE LEARNING, INC., and          :
THE McGRAW-HILL COMPANIES, INC.,                    08 Civ. 3574 (CM) (JCF)
                                    :

              Plaintiffs,
                                    :        **ANSWER**
        - against -
                                      :

HADI ABDEL-QADER, and                     **JURY TRIAL**
JAMILAH MABRUK, BOTH D/B/A        :        **DEMANDED**
ACCT-2004 D/B/A CPA-2005 and
JOHN DOES NOS. 1-5,                          :

              Defendants.      :

-----------------------------------------------------------------x

      Each of Defendants Hadi Abdel-Qader and Jamilah Mabruk, by their counsel, the Law Offices of Clifford James, for their answer to the complaint:

**Answering the section of the complaint labeled:**
<u>"Nature of the Action"</u>

      1.      Deny the allegation contained contained in paragraph 1 of the complaint that defendants infringed plaintiffs' copyrights and trademarks, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the complaint.

**Answering the section of the complaint labeled:**
<u>"Jurisdiction and Venue"</u>

      2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 2 and 3 of the complaint.

**Answering the section of the complaint labeled:**
"Parties"

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4 through 6 and 9 of the complaint.

**Answering the section of the complaint labeled:**
"The Business of Plaintiffs"

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 10 through 19 of the complaint.

**Answering the section of the complaint labeled:**
"The Infringing Acts of Defendants"

6. Deny the allegations contained in paragraph 20 of the complaint.

**Answering the section of the complaint labeled:**
"FIRST CLAIM FOR RELIEF
(Copyright Infringement - 17 US.C. § 501)"

7. With regard to paragraph 21 of the complaint, repeat and reallege all the answers set forth herein responsive to the paragraphs of the complaint to which the aforesaid paragraph refers.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 22 through 25 of the complaint.

9. Deny the allegations contained in paragraphs 26 through 29 of the complaint.

**Answering the section of the complaint labeled:**
"SECOND CLAIM FOR RELIEF
(Trademark Infringement - 15 US.C. § 1114(a))"

10. With regard to paragraph 30 of the complaint, repeat and reallege all the answers set forth herein responsive to the paragraphs of the complaint to which the aforesaid paragraph refers.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 31 through 33 of the complaint.

12. Deny the allegations contained in paragraphs 34 through 37 of the complaint.

**Answering the section of the complaint labeled:**
"THIRD CLAIM FOR RELIEF
(Trademark Counterfeiting - 15 US.C. § 1117)"

13. With regard to paragraph 38 of the complaint, repeat and reallege all the answers set forth herein responsive to the paragraphs of the complaint to which the aforesaid paragraph refers.

14. Deny the allegations contained in paragraphs 39 through 40 of the complaint.

**Answering the section of the complaint labeled:**
"FOURTH CLAIM FOR RELIEF
(Common Law Unfair Competition)"

15. With regard to paragraph 41 of the complaint, repeat and reallege all the answers set forth herein responsive to the paragraphs of the complaint to which the aforesaid paragraph refers.

16. Deny the allegations contained in paragraph 42 of the complaint.

**Affirmative Defenses**

**First Affirmative Defense**

17. The claims purported to be asserted by Plaintiff Cengage Learning Inc. (Cengage) against Defendant Jamilah Mabruk should be dismissed, because Cengage settled and released all such claims before commencing this action.

### Second Affirmative Defense

18.     The venue chosen by Plaintiffs is improper. Therefore, the complaint should be dismissed.

### Third Affirmative Defense

19.     If not improper, the venue chosen by Plaintiffs is inconvenient. Therefore, the action should be dismissed or transferred to a more convenient forum, namely, the Northern District of Texas.

### Fourth Affirmative Defense

20.     The complaint should be dismissed, because it fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

21.     The complaint is barred, in whole or in part, by applicable statutes of limitation.

### Sixth Affirmative Defense

22.     The complaint is barred, in whole or in part, by the doctrine of laches.

### Seventh Affirmative Defense

23.     The complaint should be dismissed, in whole or in part, because one or more the the copyrights plaintiffs claim to have registered are invalid.

### Eighth Affirmative Defense

24.     The complaint should be dismissed, in whole or in part, because plaintiffs have waived their ability to enforce the copyrights sued upon, and/or should be estopped from such enforcement.

**WHEREFORE**, Defendants demand judgment:

A.     Dismissing the complaint in its entirety;

  B. Awarding Defendants their legal expenses, including reasonable attorneys' fees and costs and disbursements, incurred in defending the action; and

  C. Such other and further relief as the court shall deem just, equitable, and proper.

Dated: New York, New York
    June 6, 2008

      LAW OFFICES OF CLIFFORD JAMES


      By: _____s/_____
        Clifford James
        (CJ 5037)

      Attorneys for Defendants
      270 Madison Avenue, Suite 1410
      New York, NY 10016-0601
      212.532.6333
      cjtoplaw@earthlink.net